UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10854-RGS

SHELDON G. MATTIS

v.

THE COMMONWEALTH OF MASSACHUSETTS

ORDER

April 21, 2023

STEARNS, D.J.

Sheldon Mattis, who is incarcerated at the Souza-Baranowski Correctional Center, has submitted a letter in which he represents that he is in the process of filing a motion for a new trial in the Suffolk Superior Court. Dkt #1. He states that he is "send[ing] this letter with the intent of notifying the proper authority to stop the timeline for [his] federal habeas corpus due date, as [he] continue[s] to exhaust all state law remedies." *Id.* (spelling standardized).

The court construes the letter as a motion for extension of time to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254") and DENIES the same. The deadline for filing a § 2254 petition has been set by Congress as one year from the latest of several possible dates, including "the

date on which the judgment became final[1] by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Congress has also provided that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [28 U.S.C. § 2244(d)]." 28 U.S.C. § 2244(d)(2).

In limited situations, the court may apply principles of equitable tolling to extend the statute of limitations for the filing of a § 2254 petition. *See Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004) (holding that "the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases"). However, unless a petitioner has filed a § 2254 petition, the court cannot

---

[1] For purposes of 28 U.S.C. § 2244(b), a criminal judgment is not "final" until both a conviction and sentence are final. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam).

[2] As "direct review" includes review by the United States Supreme Court, the time period under 28 U.S.C. § 2244(d)(1)(A) does not commence until the time for requesting a writ of certiorari has elapsed. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Kholi v. Wall*, 582 F.3d 147, 150-51 (1st Cir. 2009).

determine whether the petition is timely filed, with or without the application of equitable tolling.

Accordingly, Mattis's request that the limitations period for the filing of a § 2254 petition be extended is DENIED. Any question concerning the timeliness of any § 2254 petition Mattis may file in the future cannot be addressed at this time. The clerk shall close this matter.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE